UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-07-377 |
| | § | |
| SMG, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day came on to be considered the Motion to Amend the Notice of Removal filed by Defendants SMG and Centerplate, Inc. (D.E. 8), and the Motion to Remand filed by Plaintiff Charles Thompson (D.E. 13 & 14). For the reasons discussed below, the Motion to Amend the Notice of Removal is DENIED as moot, and the Motion to Remand is GRANTED. The above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2, Nueces County, Texas, where it was originally filed and assigned Cause Number 07-60968-2.

**I.   BACKGROUND**

On April 25, 2007, Plaintiff filed the "Original Petition" in state court against the Defendants, alleging, inter alia: "Plaintiff resides in Nueces County, Texas"; "Defendant, SMG, Inc., is a Texas Corporation doing business in Nueces County, Texas and may be served by serving its registered agent for service: Robert McDonald, III, 2110 A Boca Raton Drive, Ste. 206, Austin, Texas"; and "Defendant Centerplate, Inc., is a Delaware Corporation doing business in Nueces County, Texas and may be served by serving its registered agent for service: Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801." (D.E. 9-5, at 1-2.)

Case 2:07-cv-00377   Document 17   Filed in TXSD on 11/05/07   Page 2 of 6

On May 15, 2007, Plaintiff filed the "First Amended Petition," which contained the same allegations as the Original Petition, except that Plaintiff changed the allegation that "Defendant, SMG, Inc., is a Texas Corporation..." to "Defendant, SMG, is a General Partnership doing business in Nueces County, Texas and may be served by serving its registered agent for service: John F. Burns, 701 Market Street, Philadelphia, PA 19106." (D.E. 9-5, at 6.)

On June 4, 2007, Centerplate filed its Answer. (D.E. 9-5, at 9.) On August 28, 2007, SMG filed its Answer. (D.E. 9-5, at 14.) On August 31, 2007, SMG filed a "Motion for Special Exceptions." (D.E. 9-5, at 17.)

On September 27, 2007, SMG and Centerplate jointly filed a Notice of Removal. (D.E. 1.) The Notice of Removal asserts that "Plaintiff [seeks] damages in the amount of seven hundred and fifty thousand dollars ($750,000)." (D.E. 1, at 1.) The Notice of Removal further asserts that "[c]omplete diversity of citizenship exists between Plaintiff and Defendants." (D.E. 1, at 2.)

On October 5, 2007, SMG and Centerplate jointly filed the Motion to Amend the Notice of Removal, as well as an Amended Notice of Removal. (D.E. 8 & 9.) The Amended Notice of Removal contains no new jurisdictional allegations, but was filed in response to a notice from the Clerk of this Court that the Notice of Removal suffered from several deficiencies under the Local Rules of this Court. (D.E. 8, at 1.)

On October 19, 2007, Plaintiff timely filed a Motion to Remand, which he amended on October 23, 2007. (D.E. 13 & 14.)

**II.   DISCUSSION**

"The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Exxon Mobil Corp. v.

2 / 6

Allapattah Serv., Inc., 545 U.S. 546, 552 (2005) (quotation omitted).  A court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted).  Where a case has been removed from state court, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction").

  A defendant may remove an action from state court to federal court only if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  Where, as here, the sole alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332(a), the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000.  See 28 U.S.C. § 1332(a).

  Additionally, "[t]he provisions of [28 U.S.C.] section 1446(b) make it clear that a petition for removal must be filed within thirty days after service of summons upon the defendant.  In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)."  Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988) (citation omitted).  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or

other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Stated differently, "[i]n cases with multiple defendants, the thirty-day period under section 1446(b) begins to run when the first defendant is served or, if the suit is not initially removable, when the first defendant is served with or receives a pleading or other paper that reveals on its face that the case has become removable.  If the first-served defendant does not timely remove, a subsequently added or served defendant cannot remove because that defendant cannot fulfill the unanimity requirement." Air Starter Components, Inc. v. Molina, 442 F. Supp. 2d 374, 377-78 (S.D. Tex. 2006) (citing Gillis v. St. of La., 294 F.3d 755, 759 (5th Cir. 2002); Getty Oil Corp., 841 F.2d at 1263; Brown v. Demco, Inc., 792 F.2d 478, 482 (5th Cir. 1986)).

"A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a).  A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition.  In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001) (quotations and citations omitted); see also Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999) ("Under § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability....").

Here, Defendants correctly assert that the thirty-day time limit for removal did not begin when Centerplate was served with the Original Petition, because the Original Petition named as a

Defendant, "SMG, Inc.," which was alleged to be "a Texas corporation." Thus, Centerplate had no indication from the face of the Original Petition that complete diversity existed.

However, on May 15, 2007, Plaintiff filed his First Amended Petition, which changed Centerplate's co-Defendant from "Defendant, SMG, Inc., ... a Texas Corporation" to "Defendant, SMG, ... a General Partnership doing business in Nueces County, Texas and [which] may be served by serving its registered agent for service: John F. Burns, 701 Market Street, Philadelphia, PA 19106."  (D.E. 9-5, at 6.)  The First Amended Petition informed Centerplate of the address of each Defendant and the State of residence of Plaintiff.  (D.E. 9-5, at 6.) Defendants concede that both the Original Petition and the First Amended Petition reveal an amount in controversy in excess of $75,000.  (D.E. 1, at 1; D.E. 9, at 1-2.)  Therefore, upon the filing of the First Amended Petition, Defendant Centerplate possessed all necessary facts to "intelligently ascertain removability."[1]  See Whitaker, 261 F.3d at 206.

Pursuant to 28 U.S.C. § 1446, Centerplate was required to remove this action no later than thirty days from May 15, 2007.  Therefore, Defendants' Notice of Removal, filed September 27, 2007, was untimely.

Although an untimely removal is a procedural defect, see Getty Oil Corp., 841 F.2d at 1263, Plaintiff has chosen not to waive this procedural defect by timely filing the Motion to Remand.[2]  See 28 U.S.C. § 1447(c)(a motion to remand "on the basis of any defect other than

---

[1] The Court presumes Centerplate received a copy of the First Amended Petition based upon the fact that at the time it was filed, Centerplate had been served, and Defendants referenced the First Amended Petition in, and attached a copy to, the Amended Notice of Removal.  (D.E. 9, at 2 & 5; D.E. 9-7, at 1.)

[2] Plaintiff based his Motion to Remand on a perceived lack of consent of all Defendants, which is a different procedural issue than the timeliness of the removal petition.  (D.E. 13 & 14.) However, a district court may "remand a case for reasons that are not listed in the ... motion for remand ... so long as a procedurally-based motion for remand is timely filed." Schexnayder v. Entergy Louisiana, Inc., 394 F.3d 280, 283, 285 (5th Cir. 2004).

lack of subject matter jurisdiction" must be filed within thirty days in order to be timely); D.E. 13 (Motion to Remand was filed October 19, 2007, less than thirty days after the September 27, 2007 Notice of Removal).

Therefore, the Motion to Remand is GRANTED. Because the Amended Notice of Removal does not address the issue of the timeliness of the original Notice of Removal, the Motion to Amend the Notice of Removal is DENIED as moot.

### III. CONCLUSION

For the reasons discussed above, the Motion to Amend the Notice of Removal (D.E. 8) is DENIED as moot and the Motion to Remand (D.E. 13 & 14) is GRANTED.

The above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2, Nueces County, Texas, where it was originally filed and assigned Cause Number 07-60968-2.

No further motions pertaining to this case may be filed in this Court. SMG's pending "Motion for Special Exceptions" will be reserved for consideration by the state court.

SIGNED and ORDERED this 5th day of November, 2007.

_____
Janis Graham Jack
United States District Judge